## SUPREME COURT.

JAMES S. SANDFORD and others agt. ELISHA RUCKMAN.
MORTIMER PORTER agt. ELISHA RUCKMAN.

It is not necessary to refer to a *fee bill,* to ascertain what is a proper compensation to be paid by a *client to his attorney;* and if it is referred to, although the items would be deemed erroneous by the taxing officer, still, if the *whole amount* does not exceed what the attorney is entitled to as a fair compensation from his client, no error is caused by allowing that amount.

*New York General Term, March,* 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices.*

THESE actions were brought to recover for professional services. In the first case the plaintiffs sued as surviving partners of Edward Sandford, for services in his lifetime, and for their own services after his death in September, 1854, and up to January, 1856. The second suit was brought by one of the partners for services from January, 1856, when he became the sole attorney for the defendant, to the summer of 1858. The services for which compensa-

tion was claimed in the first suit, were rendered between 1851 and 1856, in ten suits in the supreme and superior courts, and two in the United States district court. The services claimed in the second suit were rendered after January, 1856, in continuing seven of the suits in the superior and supreme courts.

The bill of particulars in the first case gives first, the gross charges in the several suits, and then the items of such charges. The whole claim is $2,791.57. The referee allowed the whole bill, except one deduction amounting to $225, and another amounting to $155. The rest of the plaintiffs' claim is for costs, counsel fees and disbursements in nine suits upon policies of insurance, brought by them as attorneys for the defendant, in 1851 and 1852. The items are set out in detail in the bill of particulars. The services in these nine suits, their value, and the disbursements made by the plaintiffs, and the whole bill, were proved by the plaintiff Porter, and confirmed by six other witnesses.

The defendant's defence to the first item in the first bill of particulars (the costs in the Radius case) was, that the defendant did not employ the plaintiffs. The defendant offered no evidence to disprove the services in the second case, or to diminish the estimate of their value. The defence to the claim for services in the insurance cases rested upon the alleged negligence of the plaintiffs in the management of the business, from which damages resulted, and a counter-claim for such damages.

Lyon & Porter, *for plaintiffs.*
E. A. Doolittle, *for defendant.*

By the court, Clerke, Justice. The questions of fact in these cases were, whether the plaintiffs, as the attorneys of the defendant in certain actions, were guilty of negligence; and whether, even if they were not guilty of negligence, the

Sandford and Porter agt. Ruckman.

finding in their favor was not for too large an amount. As to the first question, evidence to a considerable extent on behalf of the plaintiffs and the defendant was taken before the referee; and we can see no reason for the assertion that his conclusions from that evidence were against the weight of evidence.

As to the second question, even admitting that the charges for term fees were not taxable as between the parties, yet it was proved that the aggregate amount of these fees was not an unreasonable compensation for the services rendered. This is all that is necessary to justify the finding of the referee. It is not necessary to refer to the fee bill at all, to ascertain what is a proper compensation to be paid by a client to his attorney; and if it is referred to, although the items would be deemed erroneous by the taxing officer, still, if the whole amount does not exceed what the attorney is entitled to as a fair compensation for his client, the referee does not err by allowing him that amount. No legal exception taken in either case is tenable.

The judgment in both cases should be affirmed with costs.

---

ERRATA.

Page 397, line 12 from top, after word otherwise, for " than " read " then."
Page 400, 7th line from top, for " personally " read " formally."
Page 403, for " 2 Serg., 24," read " 2 Yerg., 24."